JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE EMPIRE REVOCABLE LIVING TRUST DATED APRIL 26, 2003 AND TEENA COLEBROOK,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, FSB, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:11-CV-10482-R-E<br><br>ORDER ON ONEWEST BANK, FSB'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date: June 4, 2012<br>Time: 10:00 a.m.<br>Ctrm: 8 -- 2nd Floor<br>Judge: Hon. Manuel L. Real<br><br>Complaint Filed: December 20, 2011<br>Trial Date: None Set |

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

930859.01/LA

(1)

Case No. 2:11-CV11-10482-R-E
ORDER ON ONEWEST BANK, FSB'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT

On June 4, 2012, shortly after 10:00 a.m. (PST) OneWest Bank, FSB's ("OneWest") Motion to Dismiss the First Amended Complaint ("Motion") (docket no. 19) and the related Request for Judicial Notice ("RJN") (docket no. 20) came on for hearing before this Court, the Honorable Manuel L. Real presiding. Kenyon Harbison appeared on behalf of OneWest, and John F. Shellabarger appeared on behalf of both The Empire Revocable Living Trust Dated April 26, 2003 ("Empire"), and on behalf of Teena Colebook ("Colebrook").

The Court granted the Request for Judicial Notice and the Motion to Dismiss the First Amended Complaint. The Court found as follows:

- The First Amended Complaint is dismissed as to plaintiff Empire because under FRCP 17(a) this entity lacks standing to bring the suit;
- The First Amended Complaint is dismissed as to Teena Colebrook insofar as she sues in her individual capacity, as she likewise lacks standing under FRCP 17(a) to bring this lawsuit;
- The first claim for "declaratory relief" fails because it is a remedy not a cause of action;
- The second claim for "negligence" fails because OneWest owes no duty to the borrower pursuant to *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093, 1096 (1991);
- The third claim for "quasi-contract" is granted because there is no such claim where there is already an express contract between the parties, as was shown to exist by the documents attached to the RJN. The RJN was granted at least with regard to granting the Motion as to this claim;
- The fourth claim for "15 U.S.C. section 1692" violation fails because OneWest is not a debt collector under this statute;
- The fifth claim for "15 U.S.C. section 1641(g)" violation fails because as pled in the FAC itself significant notice was provided, and separately

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

930859.01/LA

(2)

Case No. 2:11-CV11-10482-R-E
ORDER ON ONEWEST BANK, FSB'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT

because no damages are alleged;

- The sixth claim for violation of California Business & Professions Code section 17200 fails because all other claims on which it could be premised fail, and separately because it is inadequately pled in its own right under Rule 8;

- The seventh claim for an "accounting" fails because no fiduciary duty or other relationship exists to justify this claim.

Counsel for OneWest was instructed to prepare this Order, which is prepared in conformity with Local Rule 58-10. Specific findings are further set forth pursuant to *Montesano v. Xerox Corp.*, 256 F.3d 86, 89 (2nd Cir. 2001); *see also* Rutter Guide, Federal Civil Procedure Before Trial § 12:155.4 (Rev. #1 2012).

Good cause appearing, the Motion of OneWest is granted as stated above. Because this is a first amended complaint, and amendment will not cure the defects in the complaint, the matter is hereby dismissed WITH PREJUDICE and WITHOUT LEAVE TO AMEND.

Dated: _June 7, 2012_   _____

Honorable Manuel L. Real, Judge
United States District Court, Central District of California

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

930859.01/LA

(3)

Case No. 2:11-CV11-10482-R-E
ORDER ON ONEWEST BANK, FSB'S
MOTION TO DISMISS FIRST AMENDED
COMPLAINT